UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

NORVELL WEBSTER CRUMP

      Movant,

v.                                                               CIVIL NO. 3:16-cv-05821
                                                             CRIMINAL NO. 3:94-00101

UNITED STATES OF AMERICA

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Movant Norvell Webster Crump's Second or Successive Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 274. The successive application for post-conviction relief was authorized by the Fourth Circuit on June 29, 2016. ECF No. 279. By Standing Order, the motion was assigned to Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 271. The Magistrate Judge issued the Proposed Findings and Recommendations (PF&R), concluding that the motion should be denied as untimely under 28 U.S.C. § 2255(f). *PF&R*, ECF No. 288, at 6.[1] Movant timely objected to these findings. The Court conducts a de novo review of those portions of the Magistrate Judge's report to which a party objects. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). For the following

---

[1]The Magistrate Judge also denied as moot Movant's motion to hold his §2255 motion in abeyance.

reasons, the Court **DENIES, IN PART,** and **HOLDS IN ABEYANCE, IN PART,** Movant's objections and **DIRECTS** the parties to submit further briefing.

In 1995, Movant was convicted by jury of three counts of a superseding indictment. On Count One, he was convicted of conspiracy to possess cocaine base with intent to deliver in violation of 21 U.S.C. § 846. On Count Two, he was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On Count Three, Movant was convicted of use of a firearm during and in relation to a drug trafficking crime. The Government also filed an information pursuant to 21 U.S.C. § 851, alleging that Movant previously had been convicted of a drug trafficking felony. ECF No. 67.

Prior to sentencing, the Probation Office prepared a Presentence Report (PSR). *PSR*, ECF No. 146. In the PSR, the probation officer calculated Movant's base offense level for Count One under U.S.S.G. §2A1.1 as a level 43, after applying a cross reference to 18 U.S.C. § 1111 for murder.[2] *Id*. at ¶¶33-35. Movant also received a two-level enhancement under U.S.S.G. §3C1.1 for obstruction of justice, for an adjusted offense level of 45. *Id*. at ¶40. Nevertheless, his total offense level was reduced to a level 43 pursuant to U.S.S.G. §5A, Application Note 2.[3] *Id*. at ¶¶42-43. With respect to Count Two, a similar cross reference for

---

[2] U.S.S.G §2D1.1(d) provided that "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply §2A1.1 (First Degree Murder)." Section 1111 stated that any murder committed "in the perpetration of, or attempt to perpetrate, any . . . robbery; . . . is murder in the first degree." 18 U.S.C. § 1111.

[3] Application Note 2 provides, in part, that "[a]n offense level of more than 43 is to be

2

murder applied under U.S.S.G. §2K2.1 for a base offense level of 43. After receiving an adjustment for obstruction of justice and a reduction under §5A, the total offense level for Count Two also was a level 43. *Id*. at ¶¶44-54. Counts One and Two were then grouped pursuant to U.S.S.G. §3D1.2, for a combined adjusted offense level of 43.[4] *Id*. at ¶¶56-57.

The PSR also detailed Movant's criminal history. Movant previously was convicted of brandishing, battery, malicious wounding (two counts), and jail escape, for a total criminal history score of 13 and a criminal history category of VI. *Id*. at ¶¶67-75. In paragraph 61 of the PSR, the probation officer found Movant qualified as a career offender under U.S.S.G. §4B1.1 for having "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* at ¶61; *U.S.S.G. §4B1.1*. Likewise, in paragraph 62, the probation officer found Movant qualified as an armed career criminal under 18 U.S.C. § 924 because he had "at least three prior convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another[.]" *Id*. at ¶62; *see also* 18 U.S.C. § 924(e)(1) & *U.S.S.G. §4B1.4(b)*. However, §§4B1.1 and 4B1.4(b) provide that the court should apply the offense level for Chapters Two and Three if it is higher than the career offender or armed career criminal offense level. In this case, Movant's adjusted offense level as a career offender was 37, which was less than the offense level of 43 under Chapters Two and Three. Therefore, the PSR applied the higher offense level. *Id.* at ¶¶ 61-62.

---

treated as an offense level of 43." U.S.S.G. §5A, Application Note 2.

[4]Count Three was not grouped with Counts One and Two because §924(c)(1) requires a mandatory five year consecutive sentence.

During the sentencing hearing, the Court found Movant was involved with more than five grams of cocaine base. *Tr.* at 69 (Feb. 16, 1996) (ECF No. 148). As Movant did not challenge the information filed against him alleging he also had a prior drug trafficking felony, Movant's statutory sentence under § 841(b)(1)(B) was not less than 10 years nor more than life imprisonment on Count One. *Id.* at 44-45. With respect to Count Two, the Court found Movant's statutory sentence was at least 15 years up to life imprisonment. *Id.* at 71. This calculation is consistent with the PSR, which applied § 924(e)(1), the Armed Career Criminal Act (ACCA). *PSR*, at ¶95. This section provides, in part: "In the case of a person who violates section 922(g) . . . and has three previous convictions by any court referred to in section 922(g)(1) . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1), in part.[5] In the end, the Court sentenced Movant to two life sentences on Counts One and Two, to run concurrently with one another, and a term of five years as to Count Three to run consecutive to the life sentences on Counts One and Two.

In the present motion, Movant concedes that he has one predicate offense to qualify him as a career offender under §4B1.1 and as an armed career criminal under § 924(e)(1), that is his controlled substance offense. However, he argues he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because his other prior convictions do not qualify as a

---

[5]Section 922(g)(1) states "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding on year" to possess a firearm. 18 U.S.C. § 922(g)(1), in part.

"crime of violence" under either §4B1.2 or a "violent felony" under 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the United States Supreme Court explained that:

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "*involves conduct that presents a serious potential risk of physical injury to another*."

135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). The italicized section of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held this language is "unconstitutionally vague" and "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2557 & 2563. Thereafter, in *Welch v. United States,* 136 S. Ct. 1257 (2016), the Supreme Court declared that its decision in *Johnson* announced a new substantive rule that should be applied retroactively to cases on collateral review. 136 S. Ct. at 1268.

Recently, in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), the Fourth Circuit considered whether a petitioner could challenge his career-offender status under a similarly-worded residual clause found in U.S.S.G §4B1.2(a).[6] Importantly, this provision was

---

[6]Section 4B1.2 defines a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element that use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that*

5

applied to the petitioner when the Guidelines were considered mandatory.[7] In analyzing the issue, the Fourth Circuit found that the Supreme Court has not recognized the residual clause imposed under the mandatory Guidelines is void for vagueness. 868 F.3d at 302. Therefore, the Fourth Circuit held that the petitioner's motion was untimely under § 2255(f)(3).[8]

In the PF&R, the Magistrate Judge relied upon *Brown* and found that the current motion with respect to Movant's challenge to a career offender enhancement under §4B1.1 is untimely under § 2255(f)(3). In his Objections, Movant concedes that this Court is bound by *Brown*. However, Movant argues *Brown* was wrongly decided and currently is on appeal. Therefore, he objects to the application of *Brown* in his case in order to preserve the issue for further review.

---

> *presents a serious potential risk of physical injury to another.*

U.S.S.G. §4B1.2(a) (italics added).

[7]The petitioner was sentenced on July 14, 2003, prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *Id*. at 299.

[8] In *Brown*, the Fourth Circuit explained that a petitioner's motion is timely under § 2255(f)(3) when

> (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from "the date on which the right asserted was initially recognized by the Supreme Court," 28 U.S.C. § 2255(f)(3), and (3) the Supreme Court or this court has made the right retroactively applicable.

*Id.* at 301 (citations omitted).

Additionally, Movant argues that the Magistrate Judge's analysis with respect to §4B1.1 is completely inapplicable to his challenge of the life sentence he received for Count Two under § 924(e). In the PF&R, the Magistrate Judge stated that "Movant does not argue that he was sentenced as a career offender under the residual clause in the ACCA." *PF&R*, at 3. However, Movant does raise such a challenge. In his Reply to his § 2255 motion, Movant acknowledged that his initial motion did not differentiate his arguments between Counts One and Two. However, he argued in his Reply that his criminal history was insufficient to qualify him as either a career offender under §4B1.1 on Count One or as an armed career criminal under § 924(e) on Count Two. *Petr's Reply in Supp. of Mot. to Correct Sentence under 28 U.S.C. § 2255*, at 2 & n.1, ECF No. 287. If his criminal history is insufficient to consider him as an armed career criminal on Count Two, Movant asserts that his maximum potential penalty on that count is 10 years, making his life sentence unconstitutional.

In considering Movant's sentence, the Court finds that, even if the Court agrees with Movant for argument's sake that he does not have the necessary predicate offenses to be considered a career offender, it makes no difference as to the life sentence he received on Count One. As explained above, Movant's sentence on Count One was not based upon the fact he was a career offender, which resulted in an offense level of 37. Rather, it was derived first from the fact the information filed against Movant raised his statutory range to not less than 10 years nor more than life and then from the application of Chapters Two and Three of the Guidelines, resulting in a total offense level of 43. In fact, the PSR and the sentencing judge explicitly relied on the fact

7

that Movant committed murder as part of his offense conduct. The career offender Guideline was in applicable to Count One. The same, however, cannot be said with respect to Court Two.

If the Court agrees with Movant that his criminal history is insufficient to qualify him as an armed career criminal, the statutory cap on Count Two is reduced from life to 10 years, warranting a resentencing. In that event, Movant argues this Court has the power to resentence him on all counts, not merely Count Two. Without such power, any analysis the Court conducts on whether Movant qualifies as an armed career criminal may have no practical impact on him if he remains subject to a life sentence on Count One. Given the importance of this issue, the Court **DIRECTS** the parties to file additional briefing on whether this Court has the authority to resentence Movant on Count One if the Court finds it must resentence him on Count Two. The Court **ORDERS** Movant to file a supplemental brief **on or before August 31, 2018**. The Government should file a Response **on or before September 7, 2018,** and Movant may file a Reply **on or before September 14, 2018**. In the meantime, the Court **HOLDS IN ABEYANCE** Movant's argument with respect to Count Two.

Accordingly, for the foregoing reasons, the Court **DENIES** Movant's objections with respect to the Magistrate Judge's finding that Movant's challenge under §4B1.1 is untimely under *Brown* and **ACCEPTS AND INCORPORATES** herein that portion of the Proposed Findings and Recommendations. However, the Court **HOLDS IN ABEYANCE** Movant's challenge to whether he qualifies as an armed career offender under § 924(e).

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

ENTER: August 23, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE